UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWIN VAZQUEZ,

        Petitioner,

   v.                                   **DECISION AND ORDER**
                                             10-CV-657S
                                             09-CR-087S

UNITED STATES OF AMERICA,

        Respondent.

1. Presently before this Court is Petitioner, Edwin Vasquez's, motion to vacate, set aside, or correct his sentence and conviction pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is denied.

2. On March 6, 2009, Petitioner appeared before this Court and pled guilty to Count One of case number 09-CR-087S, which, in violation of 21 U.S.C. §§ 841(a)(1) and 846, charged him with conspiracy to possess, with intent to distribute, cocaine. (Docket Nos. 207, 209.)

3. In the plea agreement, Petitioner and Respondent agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 29, and that Petitioner's criminal history category was VI, which resulted in a Guidelines sentencing range of 151-188 months, a fine of $15,000 to $1,000,000, and a period of supervised release of three years. (Plea Agreement, ¶ 10; Docket No. 208.)

4. In the agreement, Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release." (Id.,

¶ 18.)  Further, the agreement specified that neither party would move for a sentence outside the Guidelines. (Id., ¶ 11.)

5.  On September 2, 2009, this Court sentenced Petitioner to a term of imprisonment of 120 months and imposed a period of supervised release for a term of three years. (Docket No. 218.)  No fine, fees, or costs were imposed, save for a $100 special assessment. (Id.) The Clerk of the Court filed the sentencing judgment on September 10, 2009. (Docket No. 219.) Petitioner filed a notice of appeal with the Second Circuit Court of Appeals on September 9, 2009, but did not file a brief or an appendix. (Docket No. 225.) His appeal was therefore dismissed on June 2, 2010. (Id.)

6.  On August 10, 2010, Petitioner filed the present motion; in addition to substantive relief, he also sought: (1) leave to proceed *in forma pauperis*, (2) appointment of counsel, and (3) a free transcript of the plea and sentencing proceedings. The first of those requests was granted; the latter two were denied. (Docket No. 228.) Respondent filed its responsive memorandum on September 24, 2010. (Docket No. 229.)

7.  28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

8.  The Second Circuit has held that a "collateral attack on a final judgment in

a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). When a defendant waives his right to appeal or collaterally attack a sentence within an agreed upon range, he may not, absent limited exceptions, appeal the merits of a sentence conforming to the agreement. United States v. Hawkins, 513 F.3d 59, 61 (2d Cir. 2008).These exceptions include:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility.

Held v. United States, No. 3:08CV1189(MRK), 2009 WL 179820, at *3 (D. Conn. Jan. 20, 2009) (quoting United States v. Gomez–Perez, 215 F.3d 315, 319 (2d Cir.2000)).

9.  In his motion, Petitioner asserts that he was denied effective assistance of counsel because his attorneys failed to: (1) file a notice of appeal, (2) discuss the Pre-Sentence Report ("PSR") with him, and (3) file a motion for a downward departure. Respondent, in turn, argues that Petitioner's claims are precluded by the plea agreement.

10. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. amend VI. It is well-established that "the right to counsel is the right to the effective assistance of counsel." Eze v. Senkowski, 321 F.3d 110, 124 (2d Cir. 2003) (quoting

McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).

The United States Supreme Court has held that an ineffective assistance of counsel claim may be raised in a § 2255 motion even if it was not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).

11. The standard for determining whether a defendant was provided with effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish a claim under the Strickland standard, "a defendant must show (a) that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and (b) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze, 321 F.3d at 123 (quoting Strickland, 466 U.S. at 688, 694).

12. When a conviction is secured by way of plea, the second Strickland factor is modified to require a defendant to demonstrate that, but for counsel's unprofessional errors, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992). There is a strong presumption in favor of the reasonableness of an attorney's performance. See Gilbert v. United States, 05-CV-325, 2006 WL 1174321, at *3 (N.D.N.Y. May 2, 2006) (citing Strickland, 466 U.S. at 688). This presumption applies because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." Strickland, 466 U.S. at 689.

13. Here, however, Petitioner does not allege ineffective assistance of counsel as to the plea itself, only as to his sentencing. But, as pointed out by Respondent,

Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release," (Plea Agreement, ¶ 18), and he does not claim that his plea was other than knowing or voluntary. Further, his sentence was within, or less than, the sentencing range; it was, in fact, 31 months less than the lowest end of the Guideline Range. In such a situation the Second Circuit has stated that:

> In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993)

14. Indeed, the Second Circuit has addressed the very issue presented by Petitioner's motion. In United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998), just as in this case, Petitioner "d[id] not contend that his waiver of his right to appeal was not knowing and voluntary. Nor d[id Petitioner] suggest that he received ineffective assistance of counsel in entering the plea agreement, an argument which, [the Second Circuit] ha[s] suggested, might cast doubt on the validity of his waiver." Id. (citing United States v. Ready, 82 F.3d 551, 555 (2d Cir.1996)). Instead Petitioner "claim[ed] that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing." Id. In considering Petitioner's argument, the court in Djelevic left no room for doubt: it "emphatically reject[ed] this contention." Id. Petitioner is therefore precluded from bringing this motion. See, e. g., United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010) ("We find waivers unenforceable only in very limited situations, 'such as

when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence'") (citation omitted); United States v. Williams, 448 F. App'x 156, 157 (2d Cir. 2012) (summary order) ("Williams' sentence fell within or below the Guidelines ranges specified in the plea agreements, and therefore triggered the appellate waiver provisions of those agreements. His arguments as to the adequacy of his attorney's performance at sentencing are consequently foreclosed"); United States v. Cano, 494 F. Supp. 2d 243, 249 (S.D.N.Y. 2007) ("Cano's claims of ineffective assistance of counsel in proceedings subsequent to the consummation of the Agreement are barred by his appeal waiver because I sentenced him within the stipulated guideline range.").

15.     What is more, Petitioner's ineffective assistance of counsel claim fails on the merits.

Initally, Petitioner's first argument is clearly meritless.  He argues that his attorneys failed to file a notice of appeal; this is not so: a notice was filed on September 9, 2009. (Docket No. 222.) Petitioner does not complain about his attorneys' failure to file an appendix and supporting brief, which was the reason that the appeal was dismissed. As he explains, "They [his attorneys] requested [an] additional $5,000 to represent me on appeal. I told them to file a notice of appeal and that I'd think about their involvement with my appeal. I did not pay them [the] requested $5,000." (Pet.'s Mot., at ¶ 12(A).)

16.     Assuming, *arguendo*, that his second ground for relief—his attorneys' failure to discuss the PSR with him—is true and that such an omission does demonstrate deficient

performance, Petitioner's motion still fails because he does not demonstrate a reasonable probability of any resulting prejudice. See Strickland, 466 U.S. at 688, 694. He knowingly and voluntarily admitted that he was guilty of possessing cocaine with intent to distribute and that his criminal history category was VI. He only argues generally that his estimated offense level "was not challenged as it should have been." He points to no specific facts, however, that would have changed the offense level had it been "challenged." The only facts he does present on this motion indicate that he suffered a work-related injury, fell on hard financial times, and that he only got involved with cocaine as a result of these misfortunes. But his attorney, Matthew Lazroe, raised these issues at sentencing:

> MR. LAZROE: Thank you, Judge. I've known Mr. Edwin Vasquez for a long time. He's been a client of the office. We've handled cases, financial cases, real estate cases, and I can vouch for his character and can truthfully say I don't believe he's a malicious person. At the time he was fully employed. He has a fiancé, his two children. For a long time he stayed out of trouble. I believe what caused this was an accident he had caused [sic] him to be disabled at work. The pain involved with that made him revert back to these substances.
>
> THE COURT: Well, he had surgery as well, right?
>
> MR. LAZROE: That's correct, and he was not able to work after that.
>
> THE COURT: Yeah.
>
> MR. LAZROE: He had a Workers' Compensation case that is pending. The outcome of that case is yet to be determined because of this proceeding before us today. Obviously he has a lot of family that are here today to support him. He's a strong individual. How much time he sees he will be strong in jail [sic]. However, he sent me several letters and correspondence and in talking to his family, he's truly sorry. If he was not here today, he would have a different life. With his benefits he received from disability and his family, I believe that he would not have made these mistakes.

(Sentencing Tr., at 11-12; Docket No. 231.)

Absent a showing of a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Petitioner's second ground for relief must be rejected. See Strickland, 466 U.S. at 694.

17.  Finally, as to his contention that his attorneys' did not file a motion for a downward departure, they were precluded from doing so in accordance with the plea agreement, wherein both parties agreed not to make such a motion. (See Plea Agreement, ¶ 11.) Accordingly, this omission was not in error.

****

18.  For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Astuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. Accordingly, a certificate of appealability is denied.

****

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 226) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close case number 10-CV-657S.

SO ORDERED.

Dated: July 26, 2012
       Buffalo, New York

>                       /s/William M. Skretny
>                       WILLIAM M. SKRETNY
>                            Chief Judge
>                     United States District Court